IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER BOHANNON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. 08-0035-WS |
| v. | ) |
| | ) CRIMINAL ACTION NO. 05-0078-WS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On February 26, 2010, the Court entered an order and judgment denying the petitioner's motion to vacate. (Docs. 91, 92). The petitioner had 60 days thereafter to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B); *United States v. Brown*, 117 F.3d 471, 474 (11th Cir. 1997) ("Federal Rule of Appellate Procedure 4(a) provides inmates with sixty days to appeal the denial of a § 2255 motion."). Instead, on March 26, 2010, the petitioner filed a motion to extend the time to file a notice of appeal. (Doc. 94). The Court granted this motion on May 10, 2010, which extended the time for filing a notice of appeal to 14 days followng entry of the order. (Doc. 96).

On May 24, 2010, the final day for filing a timely notice of appeal, the petitioner filed a "motion for extension of time." (Doc. 97).[1] The petitioner does not seek additional time in which to file a notice of appeal but rather seeks "additional time to file an appeal brief." (*Id*. at 1). Three times the motion confirms that this is its purpose. (*Id*. at 2-3).

---

[1] Because the petitioner is incarcerated, the date of filing actually dates back to the day he delivered the motion to prison officials for mailing. Fed. R. App. P. 4(c)(1); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). According to the envelope's postal stamp, this occurred on or before May 21, 2010. (Doc. 97 at 4).

[1]

"The notice of appeal must: (A) specify the party … taking the appeal by naming each one in the caption or body of the notice …; (B) designate the judgment, or order or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). The petitioner's motion identifies himself as the party seeking to file an appellate brief; identifies the Eleventh Circuit as the court in which he desires to file an appellate brief; and indirectly identifies the order as to which the petitioner seeks to file an appellate brief.[2]

A document not labeled as a notice of appeal may nevertheless be construed as one if two requirements are met. First, the document must fulfill the three requirements of Rule 3(c)(1) and therefore serve as the functional equivalent of a notice of appeal. *Rinaldo v. Corbett*, 256 F.3d 1276, 1278-79 (11th Cir. 2001). As discussed above, the petitioner's motion satisfies the three requirements of the rule and thus serves as the functional equivalent of a notice of appeal. Second, the document must indicate an intent to appeal. *Id*. at 1279. It is clear that the petitioner intends to appeal, since he expressly intends to file an appeal brief, which would be idle absent an appeal.[3]

For the reasons set forth above, the Court construes the petitioner's motion for extension of time as a notice of appeal to the Eleventh Circuit of the Court's order denying the petitioner's motion to vacate. The Clerk is directed to docket the motion as such. To the extent the document seeks an extension of time to file an appellate brief, the motion is **denied**, without prejudice to the petitioner's ability to seek similar relief from the Eleventh Circuit.

---

[2] The petitioner's motion refers to his previous motion to extend time, (Doc. 97 at 2), which expressly identified the order denying his motion to vacate as the order from which appeal would be taken. (Doc. 94 at 1).

[3] A motion for more time to appeal would not satisfy this element, because it would "indicat[e] uncertainty as to whether the party will in fact appeal." *Harris v. Ballard*, 158 F.3d 1164, 1166 (11th Cir. 1998). The petitioner, however, does not seek additional time to appeal but additional time to file his brief in support of appeal.

DONE and ORDERED this 28th day of June, 2010.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE