# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER BOHANNON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 08-0035-WS |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 05-0078-WS |
| | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the petitioner's deemed motion for certificate of appealability ("COA"). (Doc. 106).

"A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). With respect to grounds rejected on their merits, to obtain a COA the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (internal quote omitted). With respect to grounds rejected for procedural deficiencies, the petitioner must show that "jurists of reason would find it debatable both whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling." *Id*. (internal quotes omitted).

The petitioner's notice of appeal, (Doc. 102), appeals the Court's order entered February 23, 2011, (Doc. 101),which dismissed the petitioner's motion for reconsideration, (Doc. 99), for lack of jurisdiction. As set forth in the Court's order, although the petitioner invoked Rule 60(b)(6), the function of his motion to reconsider was to introduce a completely new ground for habeas relief. Controlling law thus required the Court to deem the motion to reconsider to be a second or successive habeas petition, subject to the requirement of advance approval from the Eleventh Circuit to file it.

[1]

The petitioner objects that he was entitled to advance notice the Court would so deem his motion to reconsider, so that he would have the opportunity to withdraw the motion or expand the grounds asserted therein. (Doc. 102 at 2). The very authority on which the petitioner relies requires such notice only "when a court recharacterizes a pro se litigant's motion as a *first* § 2255 motion." *Castro v. United States*, 540 U.S. 375, 383 (2003) (emphasis added). The reason is obvious: petitioners generally receive only one bite at the habeas apple, so they receive warning that a court is about to consider a filing as that initial motion to vacate. This allows the petitioner to withdraw the motion and avoid it being considered a motion to vacate, or to amend it to add all claims for habeas relief he has available. Once there has been an initial, resolved motion to vacate, as in this case, (Docs. 86, 91), the bell has been rung and it is too late for the petitioner to avoid the strict limitations on second and successive petitions. No jurist of reason would find it debatable whether the petitioner was entitled to advance warning that the Court, following controlling law, would construe his motion to reconsider as a second or successive motion to vacate.

The petitioner argues that he was entitled to an order that addressed his motion to reconsider on its merits and provided a reasoned basis for rejecting that ground on its merits. (Doc. 102 at 2-3). Again, however, the Court lacked jurisdiction to consider the motion to reconsider because it is in substance a second or successive motion to vacate which he received no appellate to pursue. No jurist of reason would find it debatable whether the petitioner was entitled to have his motion to reconsider addressed on its merits.

Finally, and although the petitioner does not assert otherwise, no jurist of reason would find it debatable whether the Court erred in treating the motion to reconsider as a second or successive motion to vacate.

For the reasons set forth above, the petitioner's deemed motion for certificate of appealability is **denied**.

DONE and ORDERED this 13th day of April, 2011.

                                        <u>s/ WILLIAM H. STEELE</u>
                                        CHIEF UNITED STATES DISTRICT JUDGE