IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALEXANDER BOHANNON, :
: CIVIL ACTION 08-0035-WS
Petitioner, : CRIMINAL ACTION 05-00078-WS
:
v. :
:
UNITED STATES OF AMERICA, :
:
Respondent. :

REPORT AND RECOMMENDATION

This action is before the Court on petitioner's motion for leave to appeal *in forma pauperis* (with prisoner account statement) (Doc. 109). Petitioner seeks to appeal the Court's Order dated February 21, 2011, denying his motion for reconsideration for lack of jurisdiction (Docs. 101, 102). The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3). Upon consideration of the motion and all other pertinent portions of the record, it is recommended that the motion for leave to appeal *in forma pauperis* be **DENIED**.

The decision to grant or deny a request to proceed *in forma pauperis* is committed to the sound discretion of the district court. *Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982), *cert. denied*, 469 U.S. 1075, 105 S.Ct. 571, 83 L.Ed.2d 511 (1984). A party seeking to proceed on appeal *in forma pauperis* must meet two requirements. First, that party must demonstrate, by affidavit, that he or she is financially unable to pay fees and

costs. *See* Fed.R.App.P. 24(a).[1]  Second, a party may not appeal *in forma pauperis* if the district court certifies that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(1).

Economic Eligibility

In *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305 (11th Cir. 2004), the Eleventh Circuit held that the applicable standard is whether the *in forma pauperis* ("IFP") affidavit adequately shows that "the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id*. at 1307.  A review of petitioner's IFP motion reveals that petitioner is incarcerated, where he is provided the basic necessities of life, and he claims no source of income other

---

[1] Rule 24(a) of the Federal Rules of Appellate Procedure, provides, as follows:

(a) Leave to Proceed in Forma Pauperis.

(1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Fed.R.App.P. 24(a)

than what his family sends him.  Petitioner's institutional account indicates an average balance of $55.28 over the last six months and a present balance of $38.61. (Doc. 101).  Petitioner claims no monthly expense obligations.  Based upon the information before the Court, the undersigned finds that petitioner appears to have the means to pay the appellate fee and other related costs over a period of time without being deprived of the basic necessities of life.

<u>Requirement that Appeal Not Be Frivolous</u>.

However, in addition to the economic requirement for IFP status, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F.Supp.2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), aff'd, 193 F.3d 522 (11th Cir. 1999).  Stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means

capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).

Petitioner has set forth in his notice of appeal that he "appeals the district court final order for construing his motion and memorandum of law in support plus the evidence as a second or successive habeas petition without notifying the pro-se litigant that it intends to do so, and the court did not warn Bohannon of the adverse consequences, also the court did not provide Bohannon with the opportunity to withdraw or amend his petition." (Doc. 102, p. 2). This issue was thoroughly discussed in the Court's Order dated April 13, 2011, denying Petitioner's deemed motion for certificate of appealability, in which it was held that no jurist of reason would find it debatable whether the petitioner was entitled to advance warning that the Court, following controlling law, would construe his motion to reconsider as a second or successive motion to vacate (Doc. 107). Any appeal from the Court's order denying his motion for reconsideration would be clearly and plainly frivolous, without arguable merit either in law or fact, and thus not taken in good faith.

## CONCLUSION

Therefore, it is recommended that the District Judge deny the motion for leave to appeal *in forma pauperis* (Doc. 109) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule

4

24(a)(3)(A), that the appeal is not taken in good faith. Furthermore, since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the plaintiff does not have an opportunity to file objections. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."); *United States v. Woods*, 2009 WL 5068805 (S.D. Ala. Dec. 17, 2009); *United States v. Gibbs*, 2008 WL 5428047 (S.D. Ala. Dec. 23, 2008). The Clerk is therefore **DIRECTED** to refer this report and recommendation to the District Judge for his consideration without the necessity of a waiting period.

DONE this 20th day of April, 2011.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE